## 27771. LONG v. THE STATE.

SUBMITTED MARCH 12, 1973 — DECIDED APRIL 13, 1973.

*Scott Walters, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. Bobby Long has appealed from the denial of his amended motion for new trial following his conviction for murder and sentence of life imprisonment. He was indicted by the grand jury of Monroe County for the slaying of Fannie Mae High and was tried in the superior court of that county.

■ The first enumeration of error asserts that the trial court erred in overruling the amended motion for new trial on the general grounds because there was insufficient evidence to support the verdict of guilty.

From our study of the transcript we have concluded that the evidence was sufficient for this purpose. We refer to the salient portions.

A medical witness who assisted in an autopsy testified that the cause of death was loss of blood from several tears in the deceased's vagina. He stated that normal intercourse could not possibly have caused this; that a hard object caused it, but not necessarily a sharp object such a knife; and that blood was found on the deceased's clothes.

Eugene Buckner gave most of the testimony as to events relied upon by the State. These, insofar as necessary to recount here, were as follows: that on the

night in question he, Berthal Horton, the deceased and the appellant were riding in an automobile and drinking whiskey; that the deceased and the appellant occupied the back seat; that on two occasions the appellant asked the witness and Horton to leave the car to allow him and the deceased to be alone; that these requests were complied with; that each time after about twenty minutes had elapsed the appellant called for them to return to the car; that during these events the deceased made no outcry; that the appellant asked the witness to assist him in taking the deceased to an abandoned house in Monroe County, Georgia, where they left her on the front porch; that the deceased was then snoring and breathing but not saying anything; that the witness saw blood in several places on the appellant's clothing; and that the appellant thereafter changed clothes and drove to East Point, remaining away from Monroe County for several months.

Berthal Horton identified the same occupants of the automobile referred to by the witness Eugene Buckner, and he also related some of the events testified to by Buckner.

Willie Ruth Scandrett testified that on the night in question she saw blood on two parts of the appellant's clothing.

The Sheriff of Monroe County identified several pictures which he took of the deceased's body on the porch of the abandoned house; and the deceased's minor daughter identified her body.

The appellant offered four witnesses, who in the main, related having seen him at specified times and places on the night involved here; and he made an unsworn statement in which he said he did not injure the deceased in any way.

In view of the foregoing evidence amply supporting the verdict, the overruling of the motion for new trial on the general grounds was not error.

■ The second enumeration of error presents the

fourth ground of the amended motion for new trial, that the appellant was deprived of his constitutional right to counsel because a lawyer was not appointed to defend him until the day the trial took place and this did not allow the appointed counsel time to properly prepare and present his defense.

This contention is without merit.

The record discloses that counsel was appointed approximately two weeks before the trial. The appointed counsel stated that he conferred with the appellant; that he was "prepared for trial when the case was called"; and that he "considers that he had ample time to prepare for trial."

The Sheriff and Deputy Sheriff of Monroe County swore that the appointed counsel came to the Monroe County jail and interviewed the appellant "approximately two weeks prior to the date of the trial"; that another lawyer had previously had several conversations with the appellant but withdrew from the case; and that when the appellant told them that he would not be able to employ an attorney, "Mr. Mitchell was notified immediately that he had been appointed to represent the defendant, which was at least two weeks prior to the trial."

The trial judge certified that he appointed counsel to represent the appellant and that he was notified at least two weeks prior to the date of the trial; that the court considered this ample time to prepare for trial; and that counsel was in fact prepared and had "represented more defendants in capital cases than any other lawyer or any two or three lawyers in the Flint Circuit combined."

Therefore there was clearly no error in the overruling of this ground of the motion for new trial.

*Judgment affirmed. All the Justices concur.*